IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                            Case Nos.:   5:13cr35/RH/GRJ
                                                            5:15cv181/RH/GRJ
DAVID MICHAEL BISHOP SR.
    Reg. No. 22430-017

---

# REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and supporting memorandum of law. (Doc. 27).  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, the Court concludes that the motion is untimely and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

Defendant pleaded guilty pursuant to a written plea agreement to receipt and possession of child pornography. (Docs. 14–16).  On January 8, 2014, the Court sentenced him at the low end of the applicable guidelines range to consecutive terms of 108 months imprisonment on each count. (Doc. 23.)  Judgment was entered on January 17, 2014. (Docs. 24, 25.)  Defendant did not appeal, and nothing further was

filed until Defendant filed the instant motion to vacate pursuant to the prison mailbox rule[1] on July 16, 2015. (Doc. 27 at 12.)

In his motion, Defendant contends that counsel failed to properly investigate and correctly establish the number of pornographic images possessed, and that counsel failed to challenge the existence of a nexus between the offense conduct and interstate commerce. In the accompanying memorandum he also contends that his plea was not knowing, voluntary or intelligent due to counsel's alleged misadvice about the law and the application of the sentencing guidelines to his case.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

Case Nos.: 5:13cr35/RH/GRJ; 5:15cv181/RH/GRJ

28 U.S.C. § 2255.  Defendant's judgment of conviction is dated January 14, 2014. (Doc. 24).  Because he did not appeal, his conviction became final when the time for doing so expired, on January 28, 2014.  Therefore, to have been timely filed, his § 2255 motion had to be filed no later than January 28, 2015.  As noted above, his motion was not filed until July 16, 2015.  Defendant attempts to excuse the untimeliness of his motion by claiming that the motion is based upon "newly discovered evidence."  (Doc. 27 at 12.)  Defendant states "[b]ased on newly discovered evidence that was available but due to the inadequate assistance of the defendant's counsel, defendant failed to timely file a Direct Appeal of a motion under Title 28 U.S.C. § 2255."  (*Id*.)[2]  Defendant presents no "newly discovered evidence" in this case, and his motion is facially untimely.

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred.  Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)).  Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently,

---

[2]The court interprets Defendant's use of the term "direct appeal" in conjunction with his reference to his § 2255 motion as a semantic error, as there is no other reference to a direct appeal in his submission.

Case Nos.: 5:13cr35/RH/GRJ; 5:15cv181/RH/GRJ

and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted); Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012).  It only applies in "truly extraordinary circumstances." Johnson, 340 F.3d at 1226 (citing Jones, 304 F.3d at 1039–40; Drew, 297 F.3d at 1286).  The onus is on the moving defendant to show that he is entitled to this extraordinary relief. Johnson, 340 F.3d at 1226, Jones, 304 F.3d at 1040.  The court will not relieve a petitioner who has sat upon his rights.  United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402-03 (5th Cir. 1999)).  There is nothing in the instant motion to suggest that Defendant intended to, or is entitled to, invoke the doctrine of equitable tolling.  Thus, his motion should be denied as untimely.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 27) be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 27th day of July 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.:  5:13cr35/RH/GRJ; 5:15cv181/RH/GRJ