IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:13cr35-RH/GRJ

DAVID MICHAEL BISHOP,

    Defendant.

_____/

### ORDER DENYING A CERTIFICATE OF APPEALABILITY

The defendant David Michael Bishop pleaded guilty and was sentenced. He did not appeal. He did not file a timely motion under 28 U.S.C. § 2255 challenging the conviction or sentence. He filed an *untimely* § 2255 motion, but he voluntarily dismissed the motion after the magistrate judge entered a report and recommendation explaining that the motion was untimely.

Mr. Bishop next filed a motion to "reverse" the conviction. The motion said the conviction was "void" because at the Federal Rule of Criminal Procedure 11 plea colloquy, the judge who was presiding over the case at that time did not fully advise Mr. Bishop as required by that rule.

The order of October 26, 2015, ECF No. 32, denied the motion. The order said Mr. Bishop's contention "could be asserted only in a timely § 2255 motion. Calling the motion something else does not relieve a defendant of the duty to comply with the § 2255 statute of limitations." The order did *not* construe the motion as a § 2255 motion. The motion could properly have been construed as a § 2255 motion only after giving notice to Mr. Bishop—and at that point he surely would not have agreed to have his motion so construed.

Mr. Bishop filed a notice of appeal. The United States Court of Appeals for the Eleventh Circuit has made a limited remand for consideration of issuance of a certificate of appealability. The order of limited remand says Mr. Bishop's motion has been construed as a § 2255 motion. If it has been so construed, it was so construed by the Eleventh Circuit; it was not so construed in this court.

In any event, a certificate of appealability may be issued only if a defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003) (explaining the meaning of this term); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (same); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting forth standards applicable to §2254 petitions on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a

>demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).

Mr. Bishop has not made the required showing. Accordingly,

IT IS ORDERED:

A certificate of appealability is denied.

SO ORDERED on June 11, 2016.

                                      s/Robert L. Hinkle
                                      United States District Judge